U.S. Bank N.A. v Donovan (2020 NY Slip Op 07240)





U.S. Bank N.A. v Donovan


2020 NY Slip Op 07240


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-13959
 (Index No. 17410/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Pamela Donovan, appellant, et al., defendants.


Jeffrey B. Hulse, Sound Beach, NY, for appellant.
RAS Boriskin, LLC (McCalla Raymer Leibert Pierce, New York, NY [Daniel S. LoPresti], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Pamela Donovan appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 23, 2019. The order denied that defendant's motion pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered March 28, 2019, upon her failure to answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
On August 27, 2009, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Pamela Donovan (hereinafter the defendant). The defendant served an answer dated February 3, 2011, wherein she asserted, inter alia, the affirmative defense of lack of personal jurisdiction. The plaintiff rejected the answer on the ground that it was untimely. On October 11, 2018, the Supreme Court entered an order of reference upon the defendant's failure to answer the complaint. On March 28, 2019, the court entered an order and judgment of foreclosure and sale. On August 16, 2019, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order entered October 23, 2019, the court denied the defendant's motion, and the defendant appeals.
"[A]n objection that the summons and complaint . . . was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship" (CPLR 3211[e]). Here, the defendant failed to move to dismiss the complaint insofar as asserted against her on the ground of lack of personal jurisdiction based on improper service within 60 days after her answer was served. Additionally, she did not claim any undue hardship that would have prevented her from making such a motion within the requisite statutory time period. Although it is undisputed that the answer was rejected, a purported rejection of the defendant's answer does not extend the 60-day time limit (see Deutsche Bank Natl. Trust Co. v Acevedo, 157 AD3d 859, 861; Dimond v Verdon, 5 AD3d 718, 719). The defendant did not move to dismiss the complaint insofar as asserted against her until approximately 8½ years after [*2]her answer was served. Under these circumstances, the defendant waived her objection to personal jurisdiction based on improper service (see Deutsche Bank Natl. Trust Co. v Acevedo, 157 AD3d at 861; Dimond v Verdon, 5 AD3d at 719; see also Bulkan v Stepp's Towing Serv., Inc., 166 AD3d 576). Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her.
In light of our determination, we have not reached the issue of whether service was properly effected (see Federici v Metropolis Night Club, Inc., 48 AD3d 741, 742).
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court