Bank of Am., N.A. v Huertas (2021 NY Slip Op 04005)





Bank of Am., N.A. v Huertas


2021 NY Slip Op 04005


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-05090 
2019-05191
 (Index No. 2228/15)

[*1]Bank of America, N.A., respondent, 
v
Julian Huertas, etc., et al., defendants, NMNT Realty Corp., appellant.


Miller, Rosado & Algios, LLP, Garden City, NY (Neil A. Miller and Christopher Rosado of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Max T. Saglimbeni of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant NMNT Realty Corp. appeals from (1) a decision of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 12, 2018, and (2) an order of the same court entered December 12, 2018. The order, insofar as appealed from, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant NMNT Realty Corp., to strike that defendant's answer, and for an order of reference are denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant NMNT Realty Corp.
In 2006, the defendant Julian Huertas obtained a loan secured by a mortgage encumbering a residential condominium unit in Nassau County. Thereafter, in 2011, the defendant NMNT Realty Corp. (hereinafter the defendant) obtained title to the unit after purchasing it from the condominium's board of managers, which had foreclosed on the unit as a result of Huertas's failure to pay common charges.
On March 12, 2015, the plaintiff commenced the instant action to foreclose the mortgage against Huertas and the defendant, among others. Subsequent to the defendant answering the complaint, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The [*2]defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against it. The Supreme Court granted the motion and denied the cross motion. The defendant appeals from so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against it, to strike its answer, and for an order of reference.
"In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819 [internal quotation marks omitted]). Here, the plaintiff relied upon the affidavit of Crystal Dunbar, a foreclosure specialist of Fay Servicing, LLC (hereinafter Fay), the mortgage loan servicer for the plaintiff's assignee, PROF-2013-S3 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee, to show that Huertas had defaulted under the terms of the subject note by failing to make required monthly payments. In her affidavit, Dunbar stated that Huertas "defaulted under their note for $227,136.00 owing to the Plaintiff . . . by having failed to make monthly payments on September 01, 2009 to date." Dunbar did not state that she had personal knowledge of the default, but averred that she had "personal knowledge of the [p]laintiff's records and record making practices, and how such records [were] made, used and kept." Dunbar's affidavit was sufficient to provide a foundation for the admission, under the business records exception to the rule against hearsay (see CPLR 4518[a]), of records related to the subject mortgage, including, contrary to the defendant's contention, "prior servicer's records," which, Dunbar stated, were "needed and relied on in the performance of functions of the business" (cf. PennyMac Corp. v Khan, 178 AD3d 1064, 1066). However, Dunbar's purported knowledge of Huertas's default was based upon her review of unidentified business records, which she failed to attach to her affidavit. Accordingly, her assertions regarding Huertas's default, without the business records upon which she relied in making those assertions, constituted inadmissible hearsay (see Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761, 1762; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Thus, since Dunbar's affidavit was the only purported evidence of default, the plaintiff failed to submit evidence in admissible form to establish, prima facie, Huertas's default (see Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702), and the court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendant's answer, and an order of reference.
The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court.
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court