Bank of N.Y. Mellon v DeLoney (2021 NY Slip Op 04655)





Bank of N.Y. Mellon v DeLoney


2021 NY Slip Op 04655


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-04854
 (Index No. 504313/13)

[*1]Bank of New York Mellon, etc., respondent,
v
Roger DeLoney, appellant, et al., defendants.


Roger DeLoney, Brooklyn, NY, appellant pro se.
Druckman Law Group PLLC, Westbury, NY (Richard J. Pelliccio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Roger DeLoney appeals from an amended order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated February 13, 2018. The amended order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court (Mark Partnow, J.) dated September 27, 2016, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Roger DeLoney, to strike his answer, and for an order of reference, and denying that branch of that defendant's cross motion which was, in effect, to dismiss the complaint insofar as asserted against him, granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the report of the referee, and directed the sale of the premises.
ORDERED that the amended order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Roger DeLoney, to strike his answer, and for an order of reference are denied, and the order dated September 27, 2016, is modified accordingly.
In June 2013, the plaintiff, a successor in interest to nonparty American Mortgage Express Corp., commenced this action against, among others, Roger DeLoney to foreclose a mortgage securing real property in Brooklyn. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against DeLoney, to strike DeLoney's answer, and for an order of reference. In support, the plaintiff submitted the affidavit of a foreclosure specialist for the plaintiff's purported assignee, New Point Financial, LLC, doing business as Shellpoint Mortgage Servicing (hereinafter Shellpoint). DeLoney opposed and cross-moved, inter alia, in effect, to dismiss the complaint insofar as asserted against him. In an order dated September 27, 2016 (hereinafter the September 2016 order), the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against DeLoney, to strike his answer, and for an order of reference, and denied that branch of DeLoney's cross motion which was, in effect, to dismiss the complaint insofar as asserted against him.
Thereafter, in January 2017, the plaintiff moved for a judgment of foreclosure and sale. As is relevant to this appeal, in an amended order and judgment of foreclosure and sale dated February 13, 2018, the Supreme Court, inter alia, granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the report of the referee, and directed the sale of the premises. DeLoney appeals.
"'In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d 960, 962, quoting Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782). The plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d at 962; US Bank N.A. v Hunte, 176 AD3d 894, 896). Among other things, a plaintiff can establish a default by submission of an affidavit from a person having personal knowledge of the facts, or other evidence in admissible form (see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d at 962; Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702).
Here, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against DeLoney, to strike his answer, and for an order of reference, as the plaintiff failed to show proof of DeLoney's default in payment of the note (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d at 782). The affidavit of an employee of Shellpoint, which the plaintiff submitted in support of its motion, was insufficient to establish DeLoney's default. The Shellpoint employee, who averred that DeLoney defaulted by failing to make the payments due under the note and mortgage on January 1, 2010, and thereafter, did not attest that he was personally familiar with the record-keeping practices and procedures of the plaintiff or those of the plaintiff's predecessor in interest, or that the records generated by the plaintiff's predecessor in interest were incorporated into the plaintiff's own records or routinely relied upon in its business (see CPLR 4518[a]; SMS Fin. XXXI, LLC v Hutson, 190 AD3d 1002, 1003), and failed to attach any business records of the plaintiff or its predecessor in interest to his affidavit (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208). Moreover, to the extent that the Shellpoint employee's purported knowledge of DeLoney's default was based upon his review of unidentified business records of Shellpoint, his affidavit constituted inadmissible hearsay and lacked probative value (see SMS Fin. XXXI, LLC v Hutson, 190 AD3d at 1003; Bank of N.Y. Mellon v Gordon, 171 AD3d at 208-209).
The evidence submitted in support of the plaintiff's motion, inter alia, for summary judgment also was insufficient to establish, prima facie, that the plaintiff strictly complied with the preforeclosure notice requirements of RPAPL 1304. "Proper service of the RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action" (U.S. Bank N.A. v Cope, 175 AD3d 527, 529; see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). The plaintiff failed to submit an affidavit of service or any proof of mailing by the post office demonstrating that it properly served DeLoney pursuant to the terms of RPAPL 1304 (see U.S. Bank N.A. v Cope, 175 AD3d at 529). The Shellpoint employee's affidavit was insufficient to establish that the notice was sent to DeLoney in the manner required by RPAPL 1304, as the employee did not provide evidence of the plaintiff's standard office mailing procedure and provided no evidence of the actual mailing (see JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 720; U.S. Bank N.A. v Cope, 175 AD3d at 529-530).
Likewise, the plaintiff failed to establish that it complied with the condition precedent set forth in the mortgage agreement which required it to send DeLoney a notice of default at least 30 days prior to demanding payment in full (see U.S. Bank N.A. v Cope, 175 AD3d at 530).
Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, those branches of its motion which were for summary judgment on the complaint insofar as asserted against DeLoney, to strike his answer, and for an order of reference should have been denied without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853), and the amended judgment of foreclosure and sale should not [*2]have been entered (see 21st Mtge. Corp. v Broderick, 191 AD3d at 746-747).
However, the Supreme Court properly denied that branch of DeLoney's cross motion which was, in effect, to dismiss the complaint insofar as asserted against him, as the arguments made by DeLoney in support of that branch of the cross motion were without merit (see e.g. Chase Manhattan Bank v Beckerman, 271 AD2d 392, 393).
The parties' remaining contentions are without merit, need not be reached in light of our determination, or are improperly raised for the first time on appeal.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court