Federal Natl. Mtge. Assn. v Allanah (2021 NY Slip Op 07269)





Federal Natl. Mtge. Assn. v Allanah


2021 NY Slip Op 07269


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-00096
 (Index No. 4700/13)

[*1]Federal National Mortgage Association, respondent,
v
Anthony Allanah, et al., defendants, Habiba Allanah, appellant.


Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Habiba Allanah appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 28, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon (1) an order of the same court entered November 30, 2017, inter alia, granting those branches of the motion of JPMorgan Chase Bank, National Association, the plaintiff's predecessor in interest, which were for summary judgment on the complaint insofar as asserted against the defendant Habiba Allanah, to strike her answer, and for an order of reference, and (2) an order of the same court, also entered November 30, 2017, inter alia, granting the same relief and appointing a referee to ascertain and compute the amount due on the note, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the motion of JPMorgan Chase Bank, National Association, which were for summary judgment on the complaint insofar as asserted against the defendant Habiba Allanah, to strike her answer, and for an order of reference are denied, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the orders entered November 30, 2017, are modified accordingly.
JPMorgan Chase Bank, National Association (hereinafter JPMorgan), commenced this action against the defendant Habiba Allanah (hereinafter the defendant), among others, to foreclose a consolidated mortgage on real property located in Elmont. In her answer, the defendant asserted various affirmative defenses, including lack of standing and failure to comply with RPAPL 1304. Thereafter, JPMorgan moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In an order entered November 30, 2017, the Supreme Court, among other things, granted those branches of JPMorgan's motion. On the same date, the court issued an order, inter alia, granting the same relief and appointing a referee to ascertain and compute the amount due on the note. The court additionally substituted Federal National Mortgage Association (hereinafter FNMA) as the plaintiff.
After the referee issued a report, FNMA moved, inter alia, to confirm the report and for a judgment of foreclosure and sale. By order and judgment of foreclosure and sale entered [*2]October 28, 2019, the Supreme Court, among other things, granted those branches of FNMA's motion, and directed the sale of the subject property. The defendant appeals.
The Supreme Court erred in granting those branches of JPMorgan's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, as JPMorgan failed to satisfy its prima facie burden on the motion. In support of its motion, JPMorgan submitted, among other things, the affidavit of Nathan Abelin, a document management specialist for FNMA's loan servicer, Seturus, Inc. (hereinafter Seturus), who, based upon his review of business records, attested to the defendant's default in payment, JPMorgan's standing to commence the action, and JPMorgan's compliance with RPAPL 1304. Although Abelin averred that he was personally familiar with Seturus's record-keeping practices and procedures, the business records he relied upon and attached to the affidavit were created by JPMorgan and another entity. Abelin failed to lay a proper foundation for these records because he did not aver either that he had personal knowledge of those entities' business practices and procedures, or that the records "were incorporated into [Seturus's] own records and routinely relied upon by [Seturus] in its own business" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209; see Bank of N.Y. Mellon v DeLoney, 197 AD3d 548). Accordingly, Abelin's affidavit constituted inadmissible hearsay and lacked probative value (see Bank of N.Y. Mellon v DeLoney, 197 AD3d 548).
Since JPMorgan failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions need not be reached in light of our determination.
RIVERA, J.P., IANNACCI, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court