Wells Fargo Bank, N.A. v Gross (2022 NY Slip Op 00902)





Wells Fargo Bank, N.A. v Gross


2022 NY Slip Op 00902


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2016-13427 
2020-02033
 (Index No. 578/16)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Efrom Gross, et al., appellants, et al., defendants.


Harvey Sorid P.C., Uniondale, NY, for appellants.
Goodwin Procter LLP, New York, NY (Richard A. Sillett and Allison Schoenthal of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Efrom Gross and Shifra Gross appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 23, 2016, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered October 4, 2019. The order denied the motion of the defendants Efrom Gross and Shifra Gross, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The order and judgment of foreclosure and sale, upon an order of the same court entered April 9, 2018, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Efrom Gross and Shifra Gross, to strike those defendants' answer, and for an order of reference, and upon an order of the same court, also entered April 9, 2018, granting the same relief to the plaintiff and appointing a referee, among other things, directed the sale of the subject property.



DECISION & ORDER
By order to show cause dated November 16, 2020, the parties to the appeals were directed to show cause before this Court why the appeal from the order entered September 23, 2016, should or should not be dismissed on the ground that the right of direct appeal from that order terminated upon entry in the above-entitled action of the order and judgment of foreclosure and sale. By decision and order on motion dated March 3, 2021, the Court's motion was held in abeyance and referred to the panel of Justices hearing the appeals from that order and the order and judgment of foreclosure and sale for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeals, it is
ORDERED that the Court's motion to dismiss the appeal from the order entered September 23, 2016, on the ground that the right of direct appeal therefrom terminated upon entry in the above-entitled action of the order and judgment of foreclosure and sale is granted, and that appeal is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint [*2]insofar as asserted against the defendants Efrom Gross and Shifra Gross, to strike those defendants' answer, and for an order of reference are denied, and the orders entered April 9, 2018, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Efrom Gross and Shifra Gross.
The appeal from the order entered September 23, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In April 2007, the defendants Efrom Gross and Shifra C. Gross (hereinafter together the defendants) executed a note in favor of World Savings Bank, FSB (hereinafter WSB), in the principal sum of $480,080, which was secured by a mortgage against certain real property in West Hempstead. In January 2016, the plaintiff, as the alleged holder of the subject note and mortgage, commenced this action to foreclose the mortgage against, among others, the defendants. The defendants interposed an answer dated March 18, 2016, in which they asserted, inter alia, affirmative defenses including lack of personal jurisdiction. By notice of motion dated May 24, 2016, the defendants moved, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. In an order entered September 23, 2016, the Supreme Court denied the defendants' motion as untimely.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. In support of the motion, the plaintiff submitted, among other things, an affidavit from its vice president of loan documentation, Shae Smith. Smith averred, inter alia, that the defendants defaulted on the mortgage by failing to make a required payment on October 1, 2011, and all payments due thereafter. In opposition to the motion, the defendants argued, among other things, that the assertions in Smith's affidavit constituted inadmissible hearsay, and thus, were insufficient to establish the defendants' default on the mortgage. In two orders, both entered April 9, 2018, the Supreme Court granted the plaintiff's motion. On October 4, 2019, the Supreme Court entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendants appeal.
Contrary to the defendants' contention, the Supreme Court properly denied their motion, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction on the ground that the motion was untimely. "[A]n objection that the summons and complaint . . . was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship" (CPLR 3211[e]). Here, the defendants served their answer, which raised the defense of lack of personal jurisdiction, on March 21, 2016, and did not serve their motion to dismiss on that ground until May 24, 2016, more than 60 days later. As the defendants did not claim any undue hardship that prevented them from making the motion within the requisite 60-day time period, the motion was properly denied as untimely (see U.S. Bank N.A. v Donovan, 189 AD3d 918, 919; Deutsche Bank Natl. Trust Co. v Acevedo, 157 AD3d 859, 861; Diaz v DiGiulio, 29 AD3d 623).
However, contrary to the plaintiff's contention, it failed to establish its prima facie entitlement to judgment as a matter of law. "[I]n order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit evidence of default" (Citibank, N.A. v Yanling Wu, 199 AD3d 48, 58; see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819). "Among other things, a plaintiff can establish a default by submission of an affidavit from a person having personal knowledge of the facts, or other evidence in admissible form" (Bank of N.Y. Mellon v DeLoney, 197 AD3d 548, 549). Here, Smith did not attest that she had personal knowledge of the alleged default (see Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702). [*3]Although Smith averred that she had personal knowledge of the plaintiff's record-keeping practices and procedures, Smith's purported knowledge of the alleged default was based upon her review of unidentified business records, which she failed to attach to her affidavit (see Bank of Am., N.A. v Huertas, 195 AD3d 891, 892-893). Thus, Smith's assertions regarding the defendants' alleged default constituted inadmissible hearsay and lacked probative value (see Bank of N.Y. Mellon v Deloney, 197 AD3d at 550; Bank of Am., N.A. v Huertas, 195 AD3d at 893). Accordingly, Smith's affidavit was insufficient to establish, prima facie, the defendants' default on the mortgage, and the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions are without merit.
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court