U.S. Bank N.A. v Tesoriero (2022 NY Slip Op 02830)

U.S. Bank N.A. v Tesoriero

2022 NY Slip Op 02830

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2019-09753
2021-00598
 (Index No. 67408/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Rocco Tesoriero, appellant, et al., defendants.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane H. Torcia, Angelo A. Regina, and Margaret Stefandl of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rocco Tesoriero appeals from (1) an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated June 17, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court (Joan B. Lefkowitz, J.), dated October 13, 2020. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Rocco Tesoriero and for an order of reference. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated June 17, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rocco Tesoriero and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated June 17, 2019, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Rocco Tesoriero.
The appeal from the order dated June 17, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In April 2007, the defendant Rocco Tesoriero (hereinafter the defendant) executed a consolidated note and consolidation, extension, and modification agreement memorializing a consolidated loan of $999,000, secured by a mortgage on real property located in Westchester [*2]County. In October 2017, after the defendant allegedly defaulted under the terms of the loan, the plaintiff commenced an action to foreclose a mortgage against, among others, the defendant. In an order dated June 17, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order and judgment of foreclosure and sale dated October 13, 2020, the court, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
As a threshold matter, the defendant improperly argues, for the first time in his reply brief on appeal, that the plaintiff lacks standing (see generally Emigrant Funding Corp. v Kensington Realty Group Corp., 178 AD3d 1020, 1022; U.S. Bank N.A. v Dellarmo, 128 AD3d 680, 681). In any event, the contention is without merit as the plaintiff attached to the complaint a copy of the first, second, and consolidated notes, all of which were endorsed in blank (see Bank of Am., N.A. v Montagnese, 198 AD3d 850, 852).
"A plaintiff moving for summary judgment in an action to foreclose a mortgage establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Bank of Am., N.A. v Nicolosi, 200 AD3d 1018, 1022). "The plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law" (Bank of N.Y. Mellon v DeLoney, 197 AD3d 548, 549). A plaintiff can establish a default "by submission of an affidavit from a person having personal knowledge of the facts, or other evidence in admissible form" (id. at 549).
Here, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. Initially, the limited power of attorney submitted by Nationstar Mortgage (hereinafter Nationstar), the plaintiff's loan servicer, restricted and conditioned its authority based on the terms of other agreements which were not provided by the plaintiff. Thus, the limited power of attorney was insufficient to demonstrate that Nationstar possessed the authority to act on behalf of the plaintiff (see US Bank N.A. v Cusati, 185 AD3d 870, 872; HSBC Bank USA, N.A. v Cooper, 157 AD3d 775, 776).
Moreover, the plaintiff failed to establish the defendant's default in payment of the consolidated note (see Citibank, N.A. v Yanling Wu, 199 AD3d 48, 57-58; Bank of N.Y. Mellon v DeLoney, 197 AD3d at 549-550; USBank N.A. v Haliotis, 185 AD3d 756, 759). Daphne Proctor, an employee of Nationstar, averred in an affidavit that the defendant defaulted by failing to make payments due under the consolidated note and mortgage on November 1, 2011, but she failed to establish her personal knowledge of this default or attach any business records of the plaintiff or Nationstar to her affidavit supporting this averment (see Citibank, N.A. v Yanling Wu, 199 AD3d at 57-58; Bank of N.Y. Mellon v DeLoney, 197 AD3d at 550). To the extent that Proctor's purported knowledge of the defendant's default was based upon her review of unidentified business records of the plaintiff or Nationstar, her affidavit constituted inadmissible hearsay and lacked probative value (see Bank of N.Y. Mellon v DeLoney, 197 AD3d at 550).
Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853), and the judgment of foreclosure and sale should not have been entered (see Citibank, N.A. v Yanling Wu, 199 AD3d at 57-58; Bank of N.Y. Mellon v DeLoney, 197 AD3d at 551).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court