U.S. Bank N.A. v Kahn Prop. Owner, LLC (2022 NY Slip Op 03921)

U.S. Bank N.A. v Kahn Prop. Owner, LLC

2022 NY Slip Op 03921

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-05698
 (Index No. 609493/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Kahn Property Owner, LLC, et al., appellants, et al., defendants (and a third-party action).

Law Offices of Joshua L. Dratel, P.C., New York, NY (Pollack Pollack Isaac & DeCicco, LLP [Brian J. Isaac], of counsel), for appellants.
Venable LLP, New York, NY (Rishi Kapoor of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Kahn Property Owner, LLC, Gary Melius, Oheka Catering I, LLC, and Oheka Management, LLC, appeal from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated March 25, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the cause of action to foreclose the mortgage insofar as asserted against those defendants and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the cause of action to foreclose the mortgage insofar as asserted against the defendants Kahn Property Owner, LLC, Gary Melius, Oheka Catering I, LLC, and Oheka Management, LLC, and for an order of reference are denied.
In June 2016, the plaintiff commenced this action, inter alia, to foreclose a mortgage against the defendants Kahn Property Owner, LLC, Gary Melius, Oheka Catering I, LLC, and Oheka Management, LLC (hereinafter collectively the defendants), among others. After the defendants answered, the plaintiff moved, inter alia, for summary judgment on the cause of action to foreclose the mortgage insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion. By order dated March 25, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion, and the defendants appeal.
To establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default (see Bank of N.Y. Mellon v Pigott, 200 AD3d 633, 635; Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). The plaintiff has the burden of establishing, by evidence in admissible form, its prima facie entitlement to judgment as a matter of law (see Bank of N.Y. Mellon v DeLoney, 197 AD3d 548, 549; US Bank N.A. v Hunte, 176 AD3d 894, 896).
Here, the plaintiff failed to establish, prima facie, the defendants' default in payment. In support of its motion, the plaintiff submitted an affidavit of an employee of its loan servicer who averred that he was personally familiar with the underlying mortgage loan and payment history based [*2]upon his review of certain business records maintained by the loan servicer and the plaintiff. However, the affiant failed to submit any business record substantiating the alleged default (see 2010-3 SFR Venture, LLC v Schiavoni, 199 AD3d 739, 741; USBank N.A. v Haliotis, 185 AD3d 756, 759; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206). "Conclusory affidavits lacking a factual basis are without evidentiary value" (USBank N.A. v Haliotis, 185 AD3d at 759; see Citibank, N.A. v Yanling Wu, 199 AD3d 48, 58). Even assuming that the subject affidavit established a sufficient foundation for the records relied upon, "it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 205). Accordingly, the affiant's assertions regarding the defendants' default, without the business records upon which he relied in making those assertions, constituted inadmissible hearsay (see Citibank, N.A. v Yanling Wu, 199 AD3d at 58; Bank of N.Y. Mellon v DeLoney, 197 AD3d at 550; Bank of Am., N.A. v Huertas, 195 AD3d 891, 893; Bank of N.Y. Mellon v Gordon, 171 AD3d at 208-209). Although the plaintiff submitted additional documentation with its reply papers, "[a] party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply, and generally, evidence submitted for the first time in reply papers should be disregarded by the court" (Deutsche Bank Natl. Trust Co. v Adlerstein, 171 AD3d 868, 870 [internal quotation marks omitted]; see Citibank, N.A. v Yanling Wu, 199 AD3d at 58).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the cause of action to foreclose the mortgage insofar as asserted against the defendants and for an order of reference without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Bank of Am., N.A. v Huertas, 195 AD3d at 891).
The defendants' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court