Bank of N.Y. Mellon v Shurko (2022 NY Slip Op 05975)

Bank of N.Y. Mellon v Shurko

2022 NY Slip Op 05975

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2018-00354
 (Index No. 508916/16)

[*1]Bank of New York Mellon, etc., respondent,
v
Eric Shurko, et al., defendants, Adam Plotch, appellant.

Christopher Villanti, Bayside, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Adam Plotch appeals from an order of the Supreme Court, Kings County (Harriet Thompson, J.), dated November 2, 2017. The order, insofar as appealed from, upon reargument, in effect, vacated so much of an order of the same court dated December 2, 2016, as granted the motion of the defendant Adam Plotch pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction to the extent of directing a hearing to determine the validity of service of process, and thereupon, denied that motion, and, sua sponte, struck that defendant's second affirmative defense, alleging lack of personal jurisdiction.
ORDERED that the appeal from so much of the order dated November 2, 2017, as, sua sponte, struck the second affirmative defense of the defendant Adam Plotch, alleging a lack of personal jurisdiction, is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal; and it is further,
ORDERED that the order dated November 2, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2016, the plaintiff commenced this action against the defendant Adam Plotch (hereinafter the defendant), among others, to foreclose a mortgage on a condominium unit in Brooklyn. Thereafter, the defendant interposed an answer to the complaint, in which he asserted numerous affirmative defenses, including a second affirmative defense alleging lack of personal jurisdiction. The plaintiff then served a supplemental summons and amended complaint.
In October 2016, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based on improper service of process. The plaintiff opposed and cross-moved for a default judgment against the defendant based on his failure to answer the amended complaint or, alternatively, to extend its time to serve the defendant pursuant to CPLR 306-b. In an order dated December 2, 2016, the Supreme Court granted the defendant's motion to the extent of directing a hearing to determine the validity of [*2]service of process, and denied the plaintiff's cross motion.
Thereafter, the plaintiff moved for leave to reargue its opposition to the defendant's motion to dismiss. The defendant opposed. In an order dated November 2, 2017, the Supreme Court granted the plaintiff leave to reargue and, upon reargument, inter alia, in effect, denied the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. The defendant appeals.
"[A]n objection that the summons and complaint . . . was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship" (CPLR 3211[e]; see Wells Fargo Bank, N.A. v Gross, 202 AD3d 882, 885; U.S. Bank N.A. v Donovan, 189 AD3d 918, 919).
Although the defendant asserted in his answer an affirmative defense alleging lack of personal jurisdiction, he did not move to dismiss the complaint insofar as asserted against him on that ground until more than 60 days after serving his answer. Moreover, the defendant did not assert any undue hardship that would have prevented him from making that motion within the statutory time period (see U.S. Bank N.A. v Donovan, 189 AD3d at 919). Since the motion was untimely (see Wells Fargo Bank, N.A. v Gross, 202 AD3d at 885; U.S. Bank N.A. v Donovan, 189 AD3d at 919), the Supreme Court, upon reargument, in effect, properly denied the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court