Toorak Capital Partners, LLC v 15 Dewey Place Corp. (2025 NY Slip Op 06746)

Toorak Capital Partners, LLC v 15 Dewey Place Corp.

2025 NY Slip Op 06746

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-05651
2023-10177
 (Index No. 152846/19)

[*1]Toorak Capital Partners, LLC, respondent,
v
15 Dewey Place Corp., et al., appellants, et al., defendants.

Joseph A. Altman, P.C., Fleetwod, NY, for appellants.
Polsinelli P.C., New York, NY (Alina Levi, Amy E. Hatch, and Morgan C. Fiander of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants 15 Dewey Place Corp. and Suzan Amash appeal from (1) an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated June 30, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated September 5, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants 15 Dewey Place Corp. and Suzan Amash, to strike their answer and counterclaims, and for an order of reference. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants 15 Dewey Place Corp. and Suzan Amash, to strike their answer and counterclaims, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants 15 Dewey Place Corp. and Suzan Amash.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In February 2019, 15 Dewey Place Corp. (hereinafter 15 Dewey) executed a [*2]consolidated commercial promissory note (hereinafter the consolidated note) and a consolidation and modification mortgage security agreement (hereinafter the consolidated mortgage), both in favor of Ice Lender Holdings, LLC (hereinafter ICE Holdings), creating a single lien in the sum of $477,750 on certain real property located in Staten Island. The defendant Suzan Amash executed a guaranty guaranteeing payment of the consolidated note. ICE Holdings allegedly assigned the loan to the plaintiff.
In December 2019, the plaintiff commenced this action against 15 Dewey and Amash (hereinafter together the defendants), among others, to foreclose the consolidated mortgage. The defendants interposed a verified answer asserting various affirmative defenses and counterclaims. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaims, and for an order of reference. By order dated June 30, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated September 5, 2023, the court, inter alia, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545, 546). Additionally, where, as here, the plaintiff's standing has been placed in issue by the defendant, the plaintiff must also prove its standing as part of its prima facie showing (see Bank of Am., N.A. v Greene, 216 AD3d 718, 719; see Wells Fargo Bank, N.A. v Inigo, 164 AD3d at 546). "The plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law" (Bank of N.Y. Mellon v DeLoney, 197 AD3d 548, 549; see U.S. Bank N.A. v Tesoriero, 204 AD3d 1066, 1068).
Here, in support of its motion for summary judgment, the plaintiff relied upon an affidavit of its principal, Stephen Tyde, who attested to 15 Dewey's default in payment, stated that the plaintiff was the "holder and owner" of the consolidated note, the consolidated mortgage, and the guaranty, and set forth the amounts due and owing under the consolidated note and the consolidated mortgage. However, Tyde failed to establish his personal knowledge of the facts or to attach any business records to his affidavit to support his attestations (see U.S. Bank N.A. v Tesoriero, 204 AD3d at 1068). To the extent that Tyde's affidavit may have been based upon his review of unidentified business records, the affidavit constituted inadmissible hearsay and lacked probative value (see id.; Bank of N.Y. Mellon v DeLoney, 197 AD3d at 550).
Contrary to the plaintiff's contention, it did not satisfy its burden on its motion for summary judgment by annexing various loan documents to the verified complaint. "Although a '"verified pleading" may be utilized as an affidavit whenever the latter is required' (CPLR 105[u]; see Sanchez v National R.R. Passenger Corp., 21 NY3d 890, 891), the verified pleading has evidentiary value only if the verifier has personal knowledge of the facts" (Matter of Jaime v City of New York, 41 NY3d 531, 542). In this action, the complaint was verified by Christopher Redburn, an asset manager for Cohen Financial, the plaintiff's "special servicer and authorized agent." However, Redburn did not lay any foundation for his basis of knowledge or for the admission of the business records annexed to the complaint. Moreover, those records did not evince 15 Dewey's default on the loan.
As the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaims, and for an order of reference, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court