■ HSBC Bank USA, Respondent, v Anthony Ezugwu, Appellant, et al., Defendants. [64 NYS3d 539]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 13, 2016, which, to the extent appealed from, granted plaintiff's motion for summary judgment against defendant Anthony Ezugwu, unanimously affirmed, without costs.

Plaintiff established prima facie that it complied with the notice terms of the subject mortgage by submitting an affidavit of plaintiff's officer, who personally reviewed the records related to defendant's loan, and averred that these records were made contemporaneously and in the regular course of business. They were thus properly relied upon as evidence (*see* CPLR 4518 [a]; *People v Cratsley*, 86 NY2d 81, 89 [1995]). The officer further averred that, as per the bank's regular practice, default notices were sent via first class and certified mail to the property address encumbered by the mortgage, and a P.O. box provided by defendant, as demonstrated by the record copies of the default notices stamped with tracking numbers, electronic screenshots of custodial activity indicating that the default notices were sent, and certified mail return receipts establishing that the default notice sent to defendant's P.O. box was signed for and delivered.

Defendant failed to raise a triable issue of fact in opposition with his claim that he advised plaintiff of a different notice address. Not only did defendant fail to provide any details regard-

ing the notification, but plaintiff submitted defendant's 2010 and 2011 tax returns, as well as defendant's bank statement from after the date the default notices were sent, all of which recited the P.O. box as defendant's address. Likewise, defendant's bare denial of receipt was unavailing (*see Grogg v South Rd. Assoc., L.P.*, 74 AD3d 1021, 1022 [2d Dept 2010]).

The court properly determined that plaintiff had standing to commence the foreclosure action. Among other proof, plaintiff established delivery and possession of the note by appending it to the complaint (*see Deutsche Bank Natl. Trust Co. v Umeh*, 145 AD3d 497 [1st Dept 2016]). Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ.