U.S. Bank N.A. v Garcia (2020 NY Slip Op 02988)





U.S. Bank N.A. v Garcia


2020 NY Slip Op 02988


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


10762N 32811/16E

[*1] U.S. Bank National Association, etc., Plaintiff-Respondent,
v
Juerio Garcia also known as Jeuris Garcia, etc., Defendant-Appellant, New York City Housing Authority, et al., Defendants.


The Law Offices of Ari Mor, P.C., New York (Ari Mor of counsel), for appellant.
Reed Smith LLP, New York (Andrew B. Messite of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about June 29, 2018, which, to the extent appealed from as limited by the briefs, denied defendant Garcia's cross motion for summary judgment dismissing the foreclosure action as against him, unanimously affirmed, without costs.
In seeking dismissal, defendant made a prima facie showing that a prior foreclosure action, commenced by nonparty Coastal Capital Corp. (Coastal) in 2006, accelerated the entire loan as of that date. The acceleration was a term of the pleading (U.S. Bank N.A. v Gordon, 158 AD3d 832, 835 [2d Dept 2018]). Since the six-year limitations period applicable to a mortgage foreclosure action would have begun to run against the entire outstanding principal at that time, Garcia claims this action is time-barred, because it was commenced in 2017, well after the statute of limitations expired (CPLR 213[4]).
In opposition, however, plaintiff has raised a disputed material issue of fact regarding whether Coastal had the authority to accelerated the mortgage and, consequently, whether this action is time-barred (U.S. Bank N.A. v Charles, 173 AD3d 564, 565 [1st Dept 2019]). This issue must be decided at a trial.[FN1]
We also reject defendant's claim that plaintiff did not comply with the requirements of RPAPL 1304. The Harrell affidavit, which is based upon her personal knowledge of and familiarity with the relevant mailing practices and procedures, demonstrated that the 90-day notice was sent to defendant pursuant to those practices, and copies of the notice and documentary proof of mailing were attached. Moreover, as the motion court noted, defendant does not deny that he received the notice.
Nor did defendant demonstrate that plaintiff lacks standing to bring this suit. Plaintiff established its standing by attaching the note, endorsed in blank by Coastal, to the complaint in this action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355 [2015]; HSBC Bank USA v Ezugwu, 155 AD3d 546, 547 [1st Dept 2017]). In addition, plaintiff's trial counsel affirmed, [*2]pursuant to CPLR 2106, that he had maintained physical possession of the note on plaintiff's behalf since before the action was commenced (see PNC Bank, N.A. v Salcedo, 161 AD3d 571, 572 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK



Footnotes

Footnote 1:Plaintiff also moved for summary judgment in its favor, which the trial court denied finding issues of fact on the issue of the statute of limitations. Plaintiff has not appealed.