Bank of N.Y. Mellon Corp. v Salvador (2022 NY Slip Op 04618)

Bank of N.Y. Mellon Corp. v Salvador

2022 NY Slip Op 04618

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-00275
 (Index No. 135691/14)

[*1]Bank of New York Mellon Corporation, etc., respondent,
v
Franklin Salvador, et al., appellants, et al., defendants.

The Tapia Law Firm, PLLC (Alfredo Tapia and Petroff Amshen LLP, Brooklyn, NY [Serge F. Petroff, James Tierney, and Steven Amshen], of counsel), for appellants.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Franklin Salvador and Carolina Matallana appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Richmond County (Desmond A. Green, J.), dated October 26, 2018. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court (Deborah A. Kaplan) dated December 6, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Franklin Salvador and Carolina Matallana, to strike those defendants' answers, and for an order of reference, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Franklin Salvador and Carolina Matallana, to strike those defendants' answers, and for an order of reference are denied, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the order dated December 6, 2017, is modified accordingly.
The defendant Franklin Salvador executed a note in favor of the plaintiff's predecessor in interest. The note was secured by a mortgage executed by Salvador and the defendant Carolina Matallana (hereinafter together the defendants) encumbering certain property located in Staten Island. Subsequently, the mortgage was assigned to the plaintiff and the note was physically delivered to the plaintiff. The plaintiff commenced this action to foreclose the mortgage, alleging that the defendants defaulted under the terms of the note and mortgage. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answers, and for an order of reference. In an order dated December 6, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The plaintiff subsequently moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated October 26, 2018, the court, among other things, granted those branches of the plaintiff's motion, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (U.S. Bank N.A. v Krakoff, 199 AD3d 859, 863 [internal quotation marks omitted]). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see id. § 1304[2]). Here, the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304. The affidavits of Daphne Proctor, Theresa Robertson, and April Martin, all of whom were document execution specialists employed by Nationstar Mortgage, LLC (hereinafter Nationstar), the plaintiff's loan servicer, were insufficient to establish that the plaintiff complied with RPAPL 1304. Proctor, Robertson, and Martin attested that they were familiar with Nationstar's records and record-keeping practices, but they failed to attest that they personally mailed the notices or that they were familiar with the mailing practices and procedures of Nationstar. Moreover, Martin attested that the plaintiff mailed the notices, but neither she nor Proctor or Robertson attested that they were familiar with the plaintiff's mailing practices and procedures. Therefore, they failed to establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see id.). The plaintiff also failed to submit any domestic return receipts or other documentation from the United States Postal Service proving the certified and first-class mailing (see U.S. Bank N.A. v Offley, 170 AD3d 1240). The presence of numbered bar codes on the envelopes and the copies of the 90-day notices submitted by the plaintiff did not suffice to establish, prima facie, proper mailing under RPAPL 1304 (see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757).
Accordingly, the Supreme Court should have denied those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answers, and for an order of reference.
The defendants' remaining contentions are either improperly raised for the first time on appeal or without merit.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court