U.S. Bank N.A. v Mave Hotel Invs. LLC (2024 NY Slip Op 05195)

U.S. Bank N.A. v Mave Hotel Invs. LLC

2024 NY Slip Op 05195

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Webber, J.P., Friedman, Mendez, Shulman, O'Neill Levy, JJ. 

Index No. 850280/21 Appeal No. 2869-2870 Case No. 2024-00370, 2024-03404 

[*1]U.S. Bank National Association etc., Plaintiff-Respondent,
v
Mave Hotel Investors LLC et al., Defendants-Appellants, Environmental Control Board of the City of New York et al., Defendants.

Law Office of Robert M. Kaplan, White Plains (Robert M. Kaplan of counsel), for appellants.
Herrick Feinstein, LLP, New York (Scott T. Tross of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Robert R. Reed, J.), entered on or about November 13, 2023, in plaintiff's favor, and bringing up for review an order, same court and Justice, entered on or about October 16, 2023, which granted plaintiff's motion for summary judgment and an order of reference, unanimously affirmed, with costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the order and judgment.
In this mortgage foreclosure action, plaintiff established prima facie that it had standing to foreclose (see 5AIF Sycamore 2, LLC v 201 EB Dev. III, 223 AD3d 550, 550 [1st Dept 2024]). The subject note, and the allonges attached to each note, which were dated and specifically indorsed to each respective assignee, were sufficient to establish plaintiff's standing (see id. at 550-551, citing U.S. Bank N.A. v Moulton, 179 AD3d 734, 737 [2d Dept 2020]).
Defendants, in turn, failed to raise a triable issue of fact as to standing. Uniform Commercial Code § 3-202(2) provides that "[a]n endorsement must be written by or on behalf of the holder on the instrument or on a paper so firmly affixed thereto as to become a part thereof." Contrary to defendants' contention, counsel's sworn affidavit of regularity, in which he averred that upon receipt of the original trust file, the file contained the original note and mortgage, that the original allonges were stapled to the original note, and the original trust file containing the original note and mortgage remained in counsel's possession and would be provided upon request, was sufficient to meet this burden (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; see also U.S Bank N.A. v Garcia, 183 AD3d 506, 507 [1st Dept 2020]).
Contrary to defendants' argument, plaintiff was required to name the guarantors as defendants in order to preserve any "bad boy" event resulting in a deficiency claim against them (see LBUBS 2005-C2 New York Retail, LLC v AC I Southwest Broadway LLC, 2013 WL 1796712 [Sup Ct, NY County 2013]).
Defendants' argument that plaintiff's motion for summary judgment was premature, because relevant discovery within plaintiff's control remains outstanding, is unavailing. Defendants failed to make any showing that discovery could have resulted in material facts that would enable them to prevail on their claims (see Island Fed. Credit Union v I&D Hacking Corp., 194 AD3d 482 [1st Dept 2021]), particularly as they failed to respond to a briefing schedule that could have provided further information.
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024