HMC Assets, LLC v Tsimmer (2024 NY Slip Op 05771)

HMC Assets, LLC v Tsimmer

2024 NY Slip Op 05771

Decided on November 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 19, 2024

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Rodriguez, Rosado, JJ. 

Index No. 850209/20 Appeal No. 3066-3067 Case No. 2023-06520, 2024-01877 

[*1]HMC Assets, LLC, etc., Plaintiff-Respondent,
v
Leo Tsimmer Also Known as Leo E. Tsimmer, et al., Defendants-Appellants, Board of Managers of the Blair House Condominium, et al., Defendants.

Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellants.
Friedman Vartolo LLP, Garden City (Ronald P. Labeck of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Francis A. Kahn III, J.), entered on or about February 15, 2024, inter alia, granting plaintiff a judgment of foreclosure and sale for the subject premises, and bringing up for review an order, same court and Justice, entered on or about May 26, 2023, which, among other things, granted plaintiff's motion for summary judgment, and appointed a referee to compute amounts due to plaintiff, unanimously affirmed, without costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the order and judgment.
Plaintiff established its prima facie entitlement to summary judgment by submitting copies of the original note and the mortgage evidencing defendant Tsimmer's unconditional promise of repayment and his nonpayment under the loan (see U.S. Bank N.A. v Brjimohan, 153 AD3d 1164, 1165 [1st Dept 2017]). Even assuming Tsimmer was entitled to statutory notice (see RPAPL 1304[1]) or contractual notice, plaintiff's affidavit of mailing submitted in support of plaintiff's motion (see Ocwen Loan Servicing LLC v Siame, 185 AD3d 408, 409 [1st Dept 2020]) and the business records annexed thereto (see Citimortgage, Inc. v Wallach, 163 AD3d 520, 521 [2d Dept 2018]) demonstrated plaintiff's compliance with the predicate notice requirements of RPAPL 1304 and of the mortgage.
Defendants failed to raise an issue of fact as to whether they were properly served with the RPAPL 1304 notice and notice under the mortgage. Moreover, plaintiff's original loan servicer attested that she was familiar with, and had personal knowledge of the third-party document server's standard mailing practices and procedures (see U.S. Bank N. A. v Garcia, 183 AD3d 506, 507 [1st Dept 2020]; compare Bank of N.Y. Mellon Corp. v Salvador, 207 AD3d 612, 614 [2d Dept 2022]). Taken together, the affidavit of mailing and exhibits attached thereto, including the copies of notice letters themselves, provided sufficient information as to whether the 90-day notice and contractual notice was sent by regular first-class mail and certified mail. Additionally, plaintiff submitted a copy addressed to Tsimmer containing the RPAPL 1304 notice which bore a 20-digit certified mail barcode and First-Class Mail and US Postage and Fees Paid notation, further demonstrating compliance with the mailing requirements of the statute.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2024