BNH Milf, LLC v Milford St. Props., LLC (2021 NY Slip Op 01742)





BNH Milf, LLC v Milford St. Props., LLC


2021 NY Slip Op 01742


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-02580
 (Index No. 505821/14)

[*1]BNH Milf, LLC, respondent, 
v
Milford St. Properties, LLC, et al., appellants, et al., defendants.


Victor A. Worms, New York, NY, for appellants.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Milford St. Properties, LLC, and Michael Slochowsky appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (David B. Vaughan, J.), dated December 20, 2018. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated May 9, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Milford St. Properties, LLC, and Michael Slochowsky, to strike their answer, and for an order of reference are denied, the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale is denied, and the order dated May 9, 2017, is modified accordingly.
On June 2, 2004, the defendant Milford St. Properties, LLC (hereinafter Milford), by its managing member, the defendant Michael Slochowsky (hereinafter together with Milford, the defendants), executed a note in the sum of $600,000 in favor of nonparty M & T Real Estate Trust. The note was secured by a mortgage on certain real property located in Brooklyn (hereinafter the subject property). In November 2009, M & T Real Estate Trust assigned the mortgage and the note to nonparty Capital One, N.A. (hereinafter Capital One). Thereafter, Milford, by Slochowsky, executed a note dated November 5, 2009, in the sum of $436,210.17 in favor of Capital One, which was secured by a mortgage on the subject property.
Also in November 2009, Milford, by Slochowsky, entered a consolidation, extension, and modification agreement with Capital One pursuant to which the notes dated June 2, 2004, and November 5, 2009, were consolidated into a single lien for $945,000.00. By assignment of mortgage dated May 22, 2014, Capital One assigned the consolidated note and mortgage to nonparty Sell Suds, LLC. Thereafter, by assignment of mortgage dated June 2, 2014, Sell Suds, LLC, assigned the consolidated note and mortgage to the plaintiff.
On June 24, 2014, the plaintiff commenced this action against the defendants, among others, to foreclose the consolidated mortgage. After issue was joined and certain motion practice, on August 2, 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In an order dated May 9, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion. Thereafter, the plaintiff moved for a judgment of foreclosure and sale and to confirm the referee's report. In an order and judgment of foreclosure and sale dated December 20, 2018, the court, inter alia, granted the plaintiff's motion and directed the sale of the subject property. The defendants appeal.
"In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782). "On its motion for summary judgment, a plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law" (US Bank N.A. v Hunte, 176 AD3d 894, 896 [internal quotation marks omitted]). "A default is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702).
Here, the affidavits of Steve Hackel, an officer of the plaintiff, and John P. O'Gorman, a vice president of Capital One, submitted in support of the plaintiff's motion, inter alia, for summary judgment, failed to establish the defendants' default in payment under the note (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d at 782). While O'Gorman's affidavit refers to certain default and acceleration letters claimed to have been sent to the defendants, the default letters are conclusory, lack factual basis, and are without evidentiary value (see JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 719). Additionally, both affidavits failed to establish that Capital One's records were provided to the plaintiff and incorporated into the plaintiff's own records, or that the plaintiff routinely relied upon such records in its business. Thus, the affidavits failed to lay the proper foundation for the admission of Capital One's records (see id. at 720; Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d at 783). Since the plaintiff failed to establish the defendants' default in payment under the note, it failed to establish its prima facie entitlement to judgment as a matter of law, as well as its entitlement to an order of reference and a judgment of foreclosure and sale (see JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d at 720; Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d at 783).
The plaintiff's failure to establish its prima facie entitlement to judgment as a matter of law requires a denial of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d at 721).
In light of the foregoing, we need not reach the defendants' remaining contentions.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court