U.S. Bank Trust, N.A. v Smith (2023 NY Slip Op 03372)

U.S. Bank Trust, N.A. v Smith

2023 NY Slip Op 03372

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2019-12496
 (Index No. 712448/18)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Therman Smith, et al., defendants, Sherri Smith, appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sherri Smith appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered September 24, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sherri Smith and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sherri Smith and for an order of reference are denied.
In August 2016, the plaintiff commenced this action against, among others, the defendant Sherri Smith (hereinafter the defendant) to foreclose a mortgage encumbering certain real property located in Queens. After the defendant joined issue, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion, contending, among other things, that the plaintiff failed to produce admissible evidence to establish an alleged default in payment and failed to demonstrate strict compliance with the service requirements of RPAPL 1304. In an order entered September 24, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion.
"'In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d 960, 962, quoting Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782). The plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d at 962; US Bank N.A. v Hunte, 176 AD3d 894, 896). Among other things, a plaintiff can establish a default by submission of an affidavit from a person having personal knowledge of the facts, or other evidence in admissible form (see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d at 962; Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702). "[T]he business record exception to the hearsay rule applies to a 'writing or record' (CPLR 4518[a]) . . . [and] it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [citation omitted]). Without the introduction of the records themselves, "a witness's testimony as to the contents of the records is inadmissible hearsay" (id. at 206 [internal quotation marks omitted]).
Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the defendant. The affidavit of the plaintiff's servicing agent failed to provide proof of the defendant's default in payment of the note in admissible form (see Bank of N.Y. Mellon v Deloney, 197 AD3d 548, 550), as the affiant failed to attach copies of the business records on which she relied (see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1516-1517).
The plaintiff also failed to demonstrate, prima facie, that it complied with RPAPL 1304. "'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Christiana Trust v Moneta, 186 AD3d 1604, 1606, quoting Aurora Loan Serv., LLC v Vrionedes, 167 AD3d 829, 831 [internal quotation marks omitted]). Pursuant to RPAPL 1304, at least 90 days before commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see id. § 1304[1], [2]). "'Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (PennyMac Corp. v Khan, 178 AD3d 1064, 1065-1066, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21).
Here, although the affidavit of the servicing agent stated that the 90-day notice was mailed to the defendant by certified mail and regular first-class mail, the affiant did not attest to having personally mailed the notices, nor that she was familiar with the mailing procedures of the entity that mailed the notices and that such procedures were designed to ensure that the notices were properly addressed and mailed (see U.S. Bank N.A. v Krakoff, 199 AD3d 859, 863). The plaintiff also failed to submit documentation from the United States Postal Service proving the first-class mailing of the 90-day notice to the defendant (see Bank of N.Y. Mellon Corp. v Salvador, 207 AD3d 612, 614; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court