Deutsche Bank Natl. Trust Co. v Pirozzi (2024 NY Slip Op 04304)

Deutsche Bank Natl. Trust Co. v Pirozzi

2024 NY Slip Op 04304

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-01795
 (Index No. 610281/15)

[*1]Deutsche Bank National Trust Co., etc., respondent,
v
Diane Pirozzi, et al., appellants, et al., defendants.

The Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellants.
Greenberg Traurig, LLP, Garden City, NY (Ryan Sirianni of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Diane Pirozzi and Peter Pirozzi appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated February 10, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Diane Pirozzi and Peter Pirozzi, to strike those defendants' answer and third and fifth affirmative defenses, and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 9, 2004, the defendant Diane Pirozzi executed a note in the sum of $667,000 in favor of IndyMac Bank, FSB (hereinafter IndyMac). The note was secured by a mortgage on certain residential property located in Port Jefferson. The mortgage agreement was executed by Diane Pirozzi and her husband, the defendant Peter Pirozzi (hereinafter together the defendants). The defendants allegedly defaulted on their obligations under the note and mortgage by failing to make the monthly payments due on February 1, 2013, and thereafter. By assignment of mortgage dated February 10, 2014, Mortgage Electronic Registration Systems, Inc., as nominee for IndyMac, assigned the mortgage to the plaintiff.
In September 2015, the plaintiff commenced this action against, among others, the defendants to foreclose the mortgage encumbering the property. The defendants interposed an answer in which they asserted, among other things, a third affirmative defense, alleging that the plaintiff failed to comply with RPAPL 1304, and a fifth affirmative defense, alleging that the plaintiff failed to comply with a condition precedent contained in the mortgage agreement requiring the service of a notice of default.
In November 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer and affirmative defenses, and for an order of reference. The defendants opposed the motion. In an order dated [*2]February 10, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer and third and fifth affirmative defenses, and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff. The defendants appeal.
"'In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d 960, 962, quoting Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782; see U.S. Bank Trust, N.A. v Smith, 217 AD3d 899, 899). The plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (see U.S. Bank Trust, N.A. v Smith, 217 AD3d at 900; BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d at 962). Among other things, a plaintiff can establish a default by submission of an affidavit from a person having personal knowledge of the facts or other evidence in admissible form (see U.S. Bank Trust, N.A. v Smith, 217 AD3d at 900; BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d at 962). "[T]he business record exception to the hearsay rule applies to a 'writing or record' (CPLR 4518[a]) [and] it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [citation omitted]). Without the introduction of the records themselves, "a witness's testimony as to the contents of the records is inadmissible hearsay" (id. at 206 [internal quotation marks omitted]).
Here, contrary to the defendants' contention, the plaintiff established, prima facie, the defendants' default in payment. In support of its motion, the plaintiff submitted, among other things, an affidavit of a senior loan analyst for Ocwen Financial Corporation (hereinafter Ocwen Financial), whose indirect subsidiary was Ocwen Loan Servicing, LLC (hereinafter Ocwen), the company that serviced the loan at the time this action was commenced, prior to its merging with PHH Mortgage Corporation (hereinafter PHH Mortgage), also an indirect subsidiary of Ocwen Financial. The senior loan analyst's affidavit attested to the defendants' default in payment. The senior loan analyst's affidavit made the requisite showing that the senior loan analyst was familiar with the record-keeping practices and procedures of Ocwen Financial and its indirect subsidiaries (see CPLR 4518[a]), identified the records upon which the senior loan analyst relied, and attached the records to his affidavit. The senior loan analyst also averred in his affidavit that, to the extent that any of the servicing records were created by predecessor loan servicers, including OneWest Bank, FSB (hereinafter OneWest), such records were incorporated into the servicing records and relied upon in the ordinary course of business conducted by PHH Mortgage and Ocwen (see Bank of Am., N.A. v Greene, 216 AD3d 718, 719).
The plaintiff also established, prima facie, that a notice of default was mailed to the defendants as required under sections 15 and 22 of the mortgage agreement. In his affidavit, the senior loan analyst averred that OneWest sent each defendant a notice of default dated April 5, 2013, by certified and first-class mail. Annexed to the affidavit were copies of the notice of default and copies of TrackRight reports evidencing the mailings. Contrary to the defendants' contention, the plaintiff demonstrated that the senior loan analyst was familiar with the mailing practices and procedures of the third-party entity that mailed the notices (see U.S. Bank N.A. v Glasgow, 218 AD3d 717, 720; Bank of Am., N.A. v Bloom, 202 AD3d 736, 738). In opposition, the defendants failed to raise a triable issue of fact.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee[,] or mortgage loan servicer shall give notice to the borrower." The statute further sets forth the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see U.S. Bank N.A. v Jeffrey, 222 AD3d 802, 804; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937). Proof of the requisite mailings of the RPAPL 1304 notices may be "'established with proof of the actual mailings, [*3]such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d 682, 685, quoting U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1136 [internal quotation marks omitted]).
Here, the plaintiff submitted an affidavit of a foreclosure manager/office manager (hereinafter the office manager) employed by the plaintiff's former counsel, as well as copies of a 90-day notice dated April 21, 2015, sent by the plaintiff's former counsel to the defendants, various proofs of mailing, and a proof of filing statement pursuant to RPAPL 1306. In the affidavit, the office manager averred that she was familiar with the business records maintained by the plaintiff's former counsel and had personal knowledge of its record-keeping systems and that she was personally familiar with the practices and procedures for generating and mailing 90-day notices in compliance with RPAPL 1304 on behalf of clients, including the plaintiff, and for creating business records evidencing the mailing of those notices.
Although the office manager's affidavit was not supported by sufficient proof of the actual mailing of the 90-day notices, the affidavit included proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see Bank of Am., N.A. v Gonzalez, 219 AD3d 433, 434; U.S. Bank N.A. v Glasgow, 218 AD3d at 719).
The defendants' contention that the RPAPL 1304 notice was improperly sent by the plaintiff's former counsel is without merit (see Nationstar Mtge., LLC v Paganini, 191 AD3d 790, 794; Ocwen Loan Servicing LLC v Siame, 185 AD3d 408).
The defendants' contention that the plaintiff's 90-day notices improperly included additional material in violation of RPAPL 1304(2) also is without merit. "The 'separate envelope' mandate of RPAPL 1304(2) provides that '[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice'" (Bank of Am., N.A. v Gonzalez, 219 AD3d at 434). The defendant contends that the 90-day notices improperly included a validation of debt notice pursuant to the Fair Debt Collection Practices Act and a "mini-Miranda" notice, stating that the notice was from a debt collector, that the notice may be an attempt to collect a debt, and that any information obtained will be used for that purpose. Although the defendant raises this issue for the first time on appeal, it may be reached as it involves a question of law that appears on the face of the record and could not have been avoided if brought to the court's attention at the proper juncture (see Bank of N.Y. Mellon v Greene, 210 AD3d 1042, 1044). Contrary to the defendants' contention, the additional notices included with an RPAPL 1304 mailing do not constitute an "other . . . notice" for purposes of RPAPL 1304(2) where such notices "further the statutory purpose by informing certain borrowers of additional protections they may have beyond those identified in the statutory notice language" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 326-327 [internal quotation marks omitted]) and the information is not "false, misleading, obfuscatory, or unrelated" (id. at 328). Here, the additional notices further the statutory purpose, and the defendants did not allege that the information therein is false, misleading, obfuscatory, or unrelated (see U.S. Bank N.A. v Jeffrey, 222 AD3d 802).
In opposition to the plaintiff's prima facie showing of compliance with RPAPL 1304, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer and third and fifth affirmative defenses, and for an order of reference.
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court