First Natl. Bank of Long Is. v Pamintuan (2025 NY Slip Op 50260(U))

[*1]

First Natl. Bank of Long Is. v Pamintuan

2025 NY Slip Op 50260(U)

Decided on February 28, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 28, 2025
Supreme Court, Kings County

The First National Bank of Long Island, Plaintiff,

against
Eduardo N. Pamintuan, as Administrator of the Estate of Florentino Jade Pamintuan A/k/a Florentino Pamintuan, Deceased, and John Does "l" - "10" and XYZ Corporation "l" - "10", said names being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein, Defendants.

Index No. 520096/2024

Goetz Platzer LLP, New York City, for plaintiff.
Binakis Law, P.C., Astoria, for defendants.

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on this motion: Document Nos. 24-37.
Upon the foregoing papers, the Court having elected to determine the within motion on submission,[FN1]
and due deliberation having been had, the within motion by Plaintiff for summary [*2]judgment in this mortgage foreclosure action and seeking additional relief is determined as follows.
The affidavit of Rose Florio (NYSCEF Doc No. 31) is insufficient to establish Plaintiff's entitlement to summary judgment, especially with respect to establishing that a default took place.
A facially adequate cause of action to foreclose a mortgage requires allegations regarding the existence of the mortgage, the unpaid note, and the defendant's default thereunder, which, if subsequently proven, will establish a prima facie case for relief (see US Bank N.A. v Nelson, 169 AD3d 138 [2d Dept 2019]). Insofar as summary judgment in favor of a mortgagee is concerned, it has been held as follows:
" 'In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default' " (BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d 960, 962 [2021], quoting Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782 [2019]). The plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d at 962; US Bank N.A. v Hunte, 176 AD3d 894, 896 [2019]). Among other things, a plaintiff can establish a default by submission of an affidavit from a person having personal knowledge of the facts, or other evidence in admissible form (see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d at 962; Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702 [2020]).
Here, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against DeLoney, to strike his answer, and for an order of reference, as the plaintiff failed to show proof of DeLoney's default in payment of the note (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d at 782). The affidavit of an employee of Shellpoint, which the plaintiff submitted in support of its motion, was insufficient to establish DeLoney's default. The Shellpoint employee, who averred that DeLoney defaulted by failing to make the payments due under the note and mortgage on January 1, 2010, and thereafter, did not attest that he was personally familiar with the record-keeping practices and procedures of the plaintiff or those of the plaintiff's predecessor in interest, or that the records generated by the plaintiff's predecessor in interest were incorporated into the plaintiff's own records or routinely relied upon in its business (see CPLR 4518 [a]; SMS Fin. XXXI, LLC v Hutson, 190 AD3d 1002, 1003 [2021]), and failed to attach any business records of the plaintiff or its predecessor in interest to his affidavit (see Bank of NY Mellon v Gordon, 171 AD3d 197, 208 [2019]). Moreover, to the extent that the Shellpoint employee's purported knowledge of DeLoney's default was based upon his review of unidentified business records of Shellpoint, his affidavit constituted inadmissible hearsay and lacked probative value (see SMS Fin. XXXI, LLC v Hutson, 190 AD3d at 1003; Bank of NY Mellon v Gordon, 171 AD3d at 208-209). (Bank of NY Mellon v DeLoney, 197 AD3d 548, 549-550 [2d Dept 2021].)
Not only are no financial records pertaining to the instant mortgage account submitted—either from Plaintiff's records or those of its assignor or the prior assignor—Ms. Florio's attestation to their contents is inadequate. She failed to attest whether it is the regular course of Plaintiff's business to make the records relied on (see CPLR 4518 [a]; Bank of NY [*3]Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]).
Ms. Florio also failed to establish that the records relied upon were made by a person who has personal knowledge of the acts or occurrences recorded and was under a business duty to report them. This foundational element is important in the realm of financial transactions because often acts or occurrences are recorded by one person or company and then transmitted to or incorporated into another company's records. It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (see Johnson v Lutz, 253 NY 124 [1930]; Bank of New York Mellon v Gordon, 171 AD3d 197; Coolidge Capital LLC v Marine Plus LLC, 81 Misc 3d 1206[A], 2023 NY Slip Op 51278[U] [Sup Ct, Kings County 2023]; Capybara Capital LLC v Zilco NW LLC, 78 Misc 3d 1238[A], 2023 NY Slip Op 50476[U] [Sup Ct, Kings County 2023]).
Plaintiff relies here upon records deriving from a source other than itself. To the extent that Ms. Florio "relie[d] upon the accuracy of [documents created by third parties] in conducting its business" (NYSCEF Doc No. 31 ¶ 3), her statement was insufficient, as per Tri-State Loan Acquisitions III, LLC v Litkowski (172 AD3d 780, 782-783 [2d Dept 2019]):
Although "the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records, such records are nonetheless admissible if the recipient can establish personal knowledge of the maker's business practices and procedures, or that the records provided by the maker were incorporated into the recipient's own records or routinely relied upon by the recipient in its business" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739 [internal quotation marks and citation omitted]; see People v Cratsley, 86 NY2d 81, 90-91 [1995]; Bank of NY Mellon v Gordon, 171 AD3d 197, 202 [2d Dept 2019]; Bank of Am., N.A. v Brannon, 156 AD3d at 8; State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d at 1296). While Choi averred, inter alia, that his affidavit was based on books and records maintained by the plaintiff, he did not state that Bank of America's records were provided to the plaintiff and incorporated into the plaintiff's own records, or that the plaintiff routinely relied upon such records in its business, or that he had personal knowledge of Bank of America's business practices and procedures. Thus, he failed to lay the proper foundation for admission of these records (see People v Cratsley, 86 NY2d at 90-91; Bank of Am., N.A. v Brannon, 156 AD3d at 8; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739; State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d at 1296).
Since Plaintiff's showing in support of summary judgment on the issue of foreclosure was deficient, the burden did not shift to Defendant with respect thereto (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Bank of NY Mellon v DeLoney, 197 AD3d 548).
Various affirmative defenses having no relevance or patently unsupportable were interposed by Defendant. In fact, Defendant offered hardly any opposition to that branch of Plaintiff's motion seeking their dismissal. As such, the Court strikes the fourth, fifth, thirteenth, fourteenth, fifteenth, seventeenth, nineteenth, twentieth, twenty-first, twenty-eighth, twenty-ninth, thirtieth, thirty-third, thirty-sixth, thirty-seventh, thirty-eighth, fortieth, forty-first, forty-second, forty-fifth, forty-sixth, and forty-seventh affirmative defenses. It is noted that it was impermissible for Plaintiff to move to dismiss affirmative defenses alleging failure to state a cause of action. " '[N]o motion by the plaintiff lies under CPLR 3211 (b) to strike the defense [of failure to state a cause of action], as this amounts to an endeavor by the plaintiff to test the [*4]sufficiency of his or her own claim' (Butler v Catinella, 58 AD3d 145, 150 [2008]; see Jacob Marion, LLC v Jones, 168 AD3d 1043, 1044 [2019]; Mazzei v Kyriacou, 98 AD3d at 1089)" (Ochoa v Townsend, 209 AD3d 867, 868 [2d Dept 2022]).
Additionally, the Court strikes the first counterclaim as not supported.
Finally, the caption shall be amended as requested by Plaintiff (see NYSCEF Doc No. 34).
Accordingly, it is hereby ORDERED as follows:
(1) Those branches of Plaintiff's motion seeking summary judgment on the claims asserted in the complaint and the appointment of a referee to compute damages is DENIED.
(2) That branch of Plaintiff's motion seeking dismissal of Defendant's affirmative defenses is GRANTED TO THE EXTENT of dismissing the fourth, fifth, thirteenth, fourteenth, fifteenth, seventeenth, nineteenth, twentieth, twenty-first, twenty-eighth, twenty-ninth, thirtieth, thirty-third, thirty-sixth, thirty-seventh, thirty-eighth, fortieth, forty-first, forty-second, forty-fifth, forty-sixth, and forty-seventh affirmative defenses.
(3) That branch of Plaintiff's motion seeking dismissal of Defendant's counterclaims is GRANTED TO THE EXTENT of dismissing the first counterclaim.
(4) That branch of Plaintiff's motion seeking to amend the caption is GRANTED, and the caption is amended to read as follows:
Index No. 520096/2024
THE FIRST NATIONAL BANK OF LONG ISLAND,
Plaintiff,
against
EDUARDO N. PAMINTUAN, AS ADMINISTRATOR OF THE ESTATE OF FLORENTINO JADE PAMINTUAN a/k/a FLORENTINO PAMINTUAN, DECEASED,
Defendant.
(5) Plaintiff shall file NYSCEF Form EF-23 with the County Clerk to provide notice of the amendment of the caption.
(6) A supplemental summons and amended complaint embodying concomitant changes, including allegations, necessitated due to the amendment of the caption shall be served upon all parties within ten days after entry of this order.

Footnotes

Footnote 1:This is pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, the latter of which provides in Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances), as follows: "All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission." Through an interim order entered on NYSCEF, the Court advised the parties that the within motion would be determined on submission (see NYSCEF Doc No. 37).