BNH MILF, LLC v Milford St. Props., LLC (2025 NY Slip Op 01601)

BNH MILF, LLC v Milford St. Props., LLC

2025 NY Slip Op 01601

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LILLIAN WAN
PHILLIP HOM, JJ.

2022-06122
 (Index No. 505821/14)

[*1]BNH MILF, LLC, respondent, 
v
Milford St. Properties, LLC, et al., appellants, et al., defendants.

Victor A. Worms, New York, NY, for appellants.
Jaspan Schlesinger Narendran LLP, Garden City, NY (Christopher D. Palmieri of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Milford St. Properties, LLC, and Michael Slochowsky appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 14, 2022. The order granted the plaintiff's motion, inter alia, to restore the action to the active calendar.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion, inter alia, to restore the action to the active calendar is denied.
The underlying facts are summarized in our decision and order on a prior appeal from an order and judgment of foreclosure and sale (see BNH Milf, LLC v Milford St. Props., 192 AD3d 960). In that decision and order, this Court determined that the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, requiring a denial of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Milford St. Properties, LLC, and Michael Slochowsky (hereinafter together the defendants), to strike their answer, and for an order of reference (see id. at 962-963).
In February 2019, while the prior appeal was pending, the property that is the subject of this foreclosure action was sold at auction to a nonparty, and the action was marked "disposed."
In November 2021, following this Court's determination on the prior appeal, the plaintiff moved, inter alia, to restore the action to the active calendar. In an order dated July 14, 2022, the Supreme Court granted the motion. The defendants appeal.
Here, it is undisputed that the property that is the subject of this foreclosure action was sold at auction in February 2019, while the prior appeal was pending, and that no stay was issued pending disposition of the appeal. While this Court's decision and order on the prior appeal had the effect of vacating the order and judgment of foreclosure and sale, the decision and order did not have the effect of setting aside the foreclosure sale of the property (see Iovino v Deutsche Bank Natl. Trust Co., 217 AD3d 848, 850). Moreover, there is no indication in the record that the defendants have prevailed in any application to set aside the foreclosure sale. Further, the plaintiff concedes that it is "not seeking to obtain another judgment of foreclosure and sale" or a new sale of [*2]the property upon restoration of the action to the active calendar. Thus, as the defendants contend, the ultimate objective of the foreclosure action has been achieved, and restoration of the action to the active calendar would serve no legitimate purpose (see McWhite v I & I Realty Group, LLC, 210 AD3d 1069, 1072). Consequently, under the circumstances of this case, the Supreme Court should have denied the plaintiff's motion, inter alia, to restore the action to the active calendar.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
IANNACCI, J.P., WOOTEN, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court