Deutsche Bank Natl. Trust Co. v Amoah (2025 NY Slip Op 06844)

Deutsche Bank Natl. Trust Co. v Amoah

2025 NY Slip Op 06844

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-11649
2023-11650
 (Index No. 24547/08)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
John P. Amoah, et al., defendants, Avenue K NY Corp., appellant.

The Rosenfeld Law Office PLLC, Lawrence, NY (Avinoam Rosenfeld of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Avenue K NY Corp. appeals from two orders of the Supreme Court, Kings County (Lawrence Knipel, J.), both dated July 26, 2023. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Avenue K NY Corp. and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In August 2008, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in Brooklyn. In an order dated July 13, 2017, the Supreme Court, inter alia, granted Avenue K NY Corp. (hereinafter the defendant) leave to intervene in the action. Thereafter, the plaintiff moved, among other things, for leave to enter a default judgment against the defendant and for an order of reference. In an order dated July 26, 2023, the court, inter alia, granted those branches of the plaintiff's motion. In a second order dated July 26, 2023, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1514; Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871). "Among other things, a plaintiff can establish a default by submission of an affidavit from a person having personal knowledge of the facts or other evidence in admissible form" (Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d 736, 737; see U.S. Bank Trust, N.A. v Smith, 217 AD3d 899, 900). "[T]he business record exception to the hearsay rule applies to a 'writing or record' (CPLR 4518[a])[,] [and] it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, [*2]171 AD3d 197, 205). "[S]uch records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (id. at 209).
Here, the plaintiff submitted the note, the mortgage, and an affidavit from Felix Rodriguez, a vice president of PHH Mortgage Corporation (hereinafter PHH), the plaintiff's loan servicer and attorney-in-fact, which demonstrated that the borrower was in default. Contrary to the defendant's contention, Rodriguez's affidavit was sufficient to lay a foundation for the admission of certain records as business records, which were created by prior loan servicers, as Rodriguez averred that the records had been incorporated into PHH's records and were relied upon by PHH in the ordinary course of business (see Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d at 738; U.S. Bank N.A. v Kropp-Somoza, 191 AD3d 918, 921).
The defendant's remaining contentions are academic in light of our determination.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court