Deutsche Bank Natl. Trust Co. v PF Holding, LLC

2026 NY Slip Op 02967

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., respondent,

v

PF Holding, LLC, et al., defendants, RB East 13, LLC, defendant-appellant; Rachel Basher, nonparty-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2023-03452, 2023-03460, 2023-06752, 2024-02808, 2024-02809, (Index No. 7712/12)

Mark C. Dillon, J.P.

William G. Ford

Deborah A. Dowling

Susan Quirk, JJ.

Jeremy Rosenberg, Chestnut Ridge, NY, for defendant-appellant and nonparty-appellant.

Margolin, Weinreb & Nierer, LLP (Stim & Warmuth, P.C., Farmingville, NY [Glenn P. Warmuth], of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant RB East 13, LLC, and nonparty Rachel Basher appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 31, 2023, (2) an order of the same court, also dated January 31, 2023, (3) an order of the same court dated May 3, 2023, (4) an order of the same court dated December 20, 2023, and (5) an order and judgment of foreclosure and sale (one paper) of the same court, also dated December 20, 2023. The first order dated January 31, 2023, insofar as appealed from, in effect, granted those branches of the plaintiff's motion which were, in effect, for summary judgment on the second amended complaint insofar as asserted against the defendant RB East 13, LLC, and for an order of reference. The second order dated January 31, 2023, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The order dated May 3, 2023, denied the motion of the defendant RB East 13, LLC, for leave to reargue its opposition to those branches of the plaintiff's prior motion which were, in effect, for summary judgment on the second amended complaint insofar as asserted against the defendant RB East 13, LLC, and for an order of reference. The order dated December 20, 2023, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.

ORDERED that the appeal from the order dated May 3, 2023, is dismissed, as no appeal lies from an order denying reargument; and it is further,

ORDERED that the appeals from the orders dated January 31, 2023, and the order dated December 20, 2023, are dismissed; and it is further,

ORDERED that the appeal from the order and judgment of foreclosure and sale by nonparty Rachel Basher is dismissed, as she is not aggrieved by the order and judgment of foreclosure and sale (see CPLR 5511); and it is further,

ORDERED that the order and judgment of foreclosure and sale is reversed on the appeal by the defendant RB East 13, LLC, on the law, those branches of the plaintiff's motion which were, in effect, for summary judgment on the second amended complaint insofar as asserted against the defendant RB East 13, LLC, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders dated January 31, 2023, and the order dated December 20, 2023, are modified accordingly; and it is further,

ORDERED that one bill of costs is awarded to the defendant RB East 13, LLC.

The appeals from the orders dated January 31, 2023, and the order dated December 20, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).

In November 2004, Rachel Basher executed a note in the amount of $484,500, which was secured by a mortgage on certain real property located in Brooklyn. In August 2011, Basher transferred her interest in the property to the defendant RB East 13, LLC (hereinafter the appellant).

In April 2012, the plaintiff commenced this action against Basher and the appellant, among others, to foreclose the mortgage. The plaintiff filed and served a second supplemental summons and second amended complaint in February 2018. Basher and the appellant joined issue by interposing an answer and counterclaim to the second amended complaint. In 2020, the parties stipulated to discontinue the action insofar as asserted against Basher.

In August 2022, the plaintiff moved, inter alia, in effect, for summary judgment on the second amended complaint insofar as asserted against the appellant and for an order of reference. The appellant opposed the motion based on the plaintiff's failure to establish a default in payment, and cross-moved for summary judgment dismissing the second amended complaint insofar as asserted against it. In its reply, the plaintiff claimed, for the first time, that the default was based on Basher's transfer of the property to the appellant without the lender's permission, in contravention of the terms of the mortgage agreement. The appellant argued, in its reply to its cross-motion, that the plaintiff could not raise the new argument for the first time in reply.

In an order dated January 31, 2023, the Supreme Court, among other things, in effect, granted those branches of the plaintiff's motion which were, in effect, for summary judgment on the second amended complaint insofar as asserted against the appellant and for an order of reference. In another order, also dated January 31, 2023, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. In an order dated December 20, 2023, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale, also dated December 20, 2023, the court granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the property. These appeals ensued.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Citimortgage, Inc. v Sultan, 230 AD3d 1292, 1293 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Pane, 210 AD3d 934, 935). "The plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law" (U.S. Bank Trust, N.A. v Smith, 217 AD3d 899, 900; see Wells Fargo Bank, N.A. v Pane, 210 AD3d at 935). Where the plaintiff fails to do so, its motion should be denied, "regardless of the sufficiency of the defendant's opposition papers" (Citimortgage, Inc. v Sultan, 230 AD3d at [*2]1294).

"Among other things, a plaintiff can establish a default by submission of an affidavit from a person having personal knowledge of the facts, or other evidence in admissible form" (U.S. Bank Trust, N.A. v Smith, 217 AD3d at 900). "[T]he business record exception to the hearsay rule applies to a 'writing or record' (CPLR 4518[a]) [and] it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [citation omitted]). Without the introduction of the records themselves, "a witness's testimony as to the contents of the records is inadmissible hearsay" (id. at 206 [internal quotation marks omitted]).

Here, in support of its motion, in effect, for summary judgment and for an order of reference, the plaintiff submitted an affidavit of Jennifer Ann Lozano, an employee of Carrington Mortgage Services, LLC (hereinafter Carrington), the plaintiff's servicer and attorney-in-fact. Although Lozano attested that she was familiar with Carrington's record-keeping practices, and that, based on her "review and examination of the records," Basher "fail[ed] to tender the [mortgage] installment which became due and payable on February 1, 2010, and [failed] to tender subsequent installments," Lozano neither identified the business records upon which she relied, nor annexed them to her affidavit. Thus, Lozano's assertions constituted inadmissible hearsay, and were therefore insufficient to establish the alleged default in payment (see Deutsche Bank Trust Co. Ams. v Tagor, 238 AD3d 983, 986; U.S. Bank N.A. v Medina, 230 AD3d 1371, 1376; Bank of N.Y. Mellon v Gordon, 171 AD3d at 206).

"The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion" (Dannasch v Bifulco, 184 AD2d 415, 417). Since the appellant did not have the opportunity, via surreply, to oppose the claim that Basher's transfer of the property to the appellant was a violation of the mortgage agreement, any consideration of that argument by the Supreme Court was improper (see Matter of TIG Ins. Co. v Pellegrini, 258 AD2d 658, 658).

Accordingly, since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of its motion which were, in effect, for summary judgment on the second amended complaint insofar as asserted against the appellant and for an order of reference, without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Citimortgage, Inc. v Sultan, 230 AD3d at 1294).

DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court